IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CANDACE EWELL,<br><br>        Plaintiff,<br><br>v.<br><br>LAW OFFICES OF KIRK A. CULLIMORE,<br><br>        Defendant. | REPORT AND RECOMMENDATION<br><br>Case No.  2:11cv405<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

      This matter was referred to Magistrate Judge Paul M. Warner by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Law Offices of Kirk A. Cullimore, LLC's ("Cullimore Law") motion to dismiss.[2]  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

      Candace Ewell ("Ewell") brought the instant matter against Cullimore Law for violations of the Fair Debt Collection Practices Act ("FDCPA").  *See* 15 U.S.C. § 1692.  Specifically, Ewell alleges that Cullimore Law violated the FDCPA by using threats in its attempts to recover on a default judgment it obtained against Ewell in the Third Judicial District Court, State of Utah ("state court case"), on behalf of its client, Mallard Crossing Apartments.

---

[1] *See* docket no. 26.

[2] *See* docket no. 28.

Shortly after the instant case was filed, Cullimore Law moved for a writ of execution in the state court case. The property to be seized and sold at auction was described as "[a]ny and all of [Ewell's] claims, causes of action, cross-claims, counterclaims, and related claims whether known or unknown, as have been asserted in the *Candace Ewell v. Law Offices of Kirk A. Cullimore, L.L.C.* case filed in the United State Federal District Court, State of Utah, Civil No. 2:11-CV-00405-CW."[3] On May 31, 2011, Cullimore Law purchased the aforementioned property at public auction.

Cullimore Law now moves for dismissal of the instant case, arguing that Ewell lacks standing to pursue this action. Specifically, Cullimore Law argues that Ewell no longer owns the legal rights to pursue the instant action because her claims against Cullimore Law were lawfully purchased at auction. Ewell has not responded to this motion and the time for doing so has passed. *See* DUCivR 7-1(b)(4)(A). "Failure to respond timely to a motion may result in the court's granting the motion without further notice." DUCivR 7-1(d). While the court could recommend dismissal of the case on that basis alone, it will discuss Cullimore Law's motion to dismiss in further depth.

The court recognizes that causes of action are considered an alienable form of property that may be bought and sold on the open market. *See, e.g.*, *Snow, Nuffer, Engstrom & Drake v. Tanasse*, 980 P.2d 208, 210 (Utah 1999) (explaining that in a number of states, including Utah, causes of action may "be acquired by a creditor through attachment and execution"). As such, "a defendant can purchase claims . . . pending against itself and then move to dismiss those claims." *Applied Med. Techs., Inc. v. Eames*, 44 P.3d 699, 701-02 (Utah 2002). Thus, the purchase of Ewell's cause of action and subsequent motion to dismiss were entirely permissible under Utah

---

[3] Docket no. 29-3 at 2.

law.  However, the court finds this type of law practice to be at best questionable, and at worst unconscionable.  As noted by the Tenth Circuit in dismissing a similar matter, "the circumstances of this case present a degree of discomfort."  *RMA Ventures California v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1075 (10th Cir. 2009).

That said, the Utah Supreme Court has prohibited law firms from purchasing legal malpractice actions pending against them as a violation of public policy as it could seriously "undermine the public trust in the legal profession" and the attorney/client relationship.  *Tanasse*, 980 P.2d at 212.  The Utah Supreme Court has not, however, prohibited judgment creditors from purchasing a legal cause of action through execution on another judgment where no special relationship (like the attorney/client relationship) exists between a plaintiff and defendant.  *See, e.g.*, *Applied Med. Techs*, 44 P.3d at 701-02.  This practice essentially "incentivizes Utah defendants to attempt an end run around merits determination by purchasing a plaintiff's" cause of action and then moving to dismiss the action.  *RMA Ventures California*, 576 F.3d at 1077 (J. Lucero concurring); *see Tanasse*, 980 P.2d at 211 ("[Defendant] obviously has no intention to litigate a claim against itself.").  While the court recognizes that there are certain circumstances where this practice may be completely and ethically appropriate to satisfy a judgment, it seriously questions the practice in cases such as this one.

However, litigants must have standing to sue in federal court and cannot sue to enforce the rights of others.  *See* Fed. R. Civ. P. 17(a) (establishing that only the real party in interest may bring actions in federal court); *RMA Ventures California*, 576 F.3d at 1071.  Because Ewell no longer owns her cause of action against Cullimore Law, she lacks standing in this matter.  It also appears that Ewell has abandoned this lawsuit: she has failed to respond to Cullimore Law's motion and has not updated her mailing or email addresses with the court.  Had Ewell responded

to this motion, or moved to stay the execution of the writ in the state court case, the outcome in the instant case may well have been different.

Because Cullimore Law legally purchased Ewell's claim at public auction, it is within its rights to move to dismiss. Accordingly, this court recommends that Cullimore Law's motion to dismiss be **GRANTED**.

## CONCLUSION

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* U.S.C. § 636(b)(1). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 12th day of March, 2013.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge